IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE MILES, | : | |
|     Petitioner, | : | |
| | : | |
|        v. | : | Civ. No. 20-3193 |
| | : | |
| JAIME SORBER, *et al.,* | : | |
|     Respondents. | : | |

## O R D E R

*Pro se* Petitioner Tyree Miles has filed objections to Magistrate Judge Sitarski's Recommendation that I deny his § 2254 Petition.  (Doc. Nos. 1, 27, 32); 28 U.S.C. § 2254.  I will overrule the objections, adopt Judge Sitarski's Report and Recommendation, and deny relief.

## I.      BACKGROUND

In 2011, after a trial in the Philadelphia Common Pleas Court, the jury convicted Petitioner of two counts of rape, one count of attempted rape, three counts of involuntary deviate sexual intercourse, three counts of sexual assault, two counts of second-degree robbery, two counts of indecent assault, and three counts of terroristic threats.  Commonwealth v. Miles, Nos. CP-51-CR-0010209-2009, CP-51-CR-0013007-2009, CP-51-CR-0013008-2009 (Phila. Com. Pl. Ct. May 23, 2011).  The trial court imposed an aggregate sentence of 36 to 72 years' incarceration.  (Doc. No. 27 at 3.)  The Superior Court affirmed in 2012, and the Pennsylvania Supreme Court denied allocatur.  (See id. at 4.)

Miles filed a petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541 et seq., followed by an amended *pro se* petition.  (Id.)  New counsel was appointed to represent him and filed an amended, counseled petition.  (Id.)  The PCRA Court dismissed the petition without an evidentiary hearing.  (Id.)  Miles appealed to the Superior Court, which rejected all Petitioner's claims as meritless and/or waived.  (Id.)

On June 28, 2020, Petitioner timely filed the instant *pro se* petition for a writ of habeas corpus, followed by a "Statement of Claims" filed on October 5, 2020.  (<u>Id.</u>; <u>see</u> Doc. Nos. 1, 10.) Miles raises the following claims:

> (I) that trial counsel was ineffective for failing to move for a mistrial based on alleged prosecutorial misconduct during closing argument;
> (II) that trial counsel was ineffective for telling the jury during opening remarks that "there are two sides to every story";
> (III) that the trial court erred in declining to grant a mistrial following Officer Rochelle Bilal's testimony concerning what a witness at one of the crime scenes told her;
> (IV) that trial and/or appellate counsel was ineffective for failing to safeguard petitioner's speedy trial rights;
> (V) that the PCRA court erred in dismissing petitioner's ineffectiveness claims; and
> (VI) that trial counsel was ineffective for failing to present an expert witness on DNA.

(Doc. No. 21 at 2, 7; Doc. No. 27 at 5; Doc. No. 10 at 2-4.)

I referred this matter to Judge Sitarski for a Report and Recommendation on October 6, 2020.  (Doc. No. 11.)  Respondents opposed relief.  (Doc. No. 21.)  Judge Sitarski recommends denying the Petition.  (Doc. No. 27.)  Miles filed *pro se* objections to the Report, and Respondents filed a response.  (Doc. Nos. 32, 37.)

Some of Miles's objections are duplicative, and others are restatements of arguments in his petition.  (<u>See</u> Doc. No. 32 at 3-13; Doc. No. 37 at 1-4.)  I will address them all.

## II.     LEGAL STANDARDS

I must review *de novo* those portions of the Report to which Petitioner files timely, specific objections.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" Judge Sitarski's findings or recommendations.  <u>Id.</u>; <u>Brophy v. Halter</u>, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R.

Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

Before seeking federal habeas relief, state prisoners must exhaust their state court remedies. 28 U.S.C. § 2254(b). Moreover, federal courts usually will not review habeas claims that were not presented to the state court in the manner prescribed by its procedural rules. Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977). "[I]f it is clear that [the habeas petitioner's] claims [would] now [be] procedurally barred under [state] law," the claims are exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (second and fifth alterations in original). I may not consider a defaulted claim unless Petitioner shows either: (1) cause and prejudice; or (2) that the failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002).

I may grant habeas relief only if the state court's adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To warrant habeas relief, the state court's decision must be "objectively unreasonable." Jacobs v. Horn, 395 F.3d 92, 100, 106 (3d Cir. 2005). I may not grant relief "merely because [I] conclude[] that the state court applied federal law erroneously or incorrectly." Id. at 100; see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court."). I must give determinations by the Superior Court considerable deference;

I presume factual issues determined by a state court are correct unless a petitioner rebuts this presumption by clear and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000).

## III.   OBJECTIONS

Judge Sitarski concluded that three of Petitioner's six claims are procedurally defaulted and three fail for other reasons.  (Doc. No. 27 at 9.)  Petitioner makes seven objections.  (Doc. No. 32.)

### A.   Objection One

Miles urges that Judge Sitarski's "failure to liberally construe the . . . proceedings has resulted in her determination that [t]hree claims are procedurally defaulted."  (Id. at 3-4.)  "The obligation to liberally construe a pro se litigant's pleadings is well-established."  Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011).  Petitioner does not specify how Judge Sitarski failed to construe the filings liberally, however.  This type of general or "blanket" objection "need not be addressed by the district court." Palmer v. Apfel, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, my review of the record discloses no claim that would be resolved differently with a more liberal construction.  I am thus satisfied that no mistake has been committed.  See Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998); Fed. Trade Comm'n v. AbbVie Inc., 976 F.3d 327, 368 (3d Cir. 2020) ("A finding is clearly erroneous when ' . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948))).

Accordingly, I will overrule Petitioner's first objection.

### B.    Objections Two and Three: Petition Claim II

Miles next objects to Judge Sitarski's "conclusion that [t]hree claims are procedurally defaulted." (Doc. No. 32 at 4, 10.) He appears to concede that Claim II is defaulted, however, urging that the procedural default should be excused. (Doc. No. 32 at 6-8.)

Claim II—that trial counsel was ineffective for telling the jury during opening remarks that "there are two sides to every story"—was presented to the PCRA Court, but not "in reviewable form": counsel failed to include any citations to relevant legal authority in support of the claim. (Doc. No. 27 at 10; Doc. No. 21 at 12.) Judge Sitarski thus found that Petitioner's violation of Pennsylvania Rule of Appellate Procedure 2119(a) constituted an "independent . . . and adequate" state ground for the rejection of this claim. (Doc. No. 27 at 10; see Beard v. Kindler, 558 U.S. 53, 60 (2009) (even a "discretionary state procedural rule can serve as an adequate ground to bar federal habeas review"). A habeas petitioner is required to demonstrate that the claims in question have been "*fairly presented* to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Because Claim II was not "fairly presented" to the PCRA Court, it was procedurally defaulted. (Doc. No. 27 at 10.)

Although Petitioner acknowledges this default, he argues that it should be excused because "the 'cause and prejudice' exception has been met." (Doc. No. 32 at 6-7.) "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by

officials' made compliance impracticable, would constitute cause under this standard." Id. (citations omitted).  Here, Petitioner has explained neither the prejudice he allegedly suffered nor the basis for the failure to follow Rule 2119(a).  (Doc. No. 27 at 11; Doc. No. 21 at 13.)

Miles urges that "the default was caused by an ineffective assistance of counsel in a post-conviction collateral review proceeding."  (Doc. No. 32 at 6-7); see Coleman, 501 U.S. at 750; Martinez v. Ryan, 566 U.S. 1 (2012).  The Supreme Court has held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  Martinez, 566 U.S. at 9.  Under Martinez, Petitioner must demonstrate: (1) that the default was caused by ineffective assistance of state-post conviction counsel; and (2) that the "procedurally defaulted ineffective assistance of trial counsel claim has 'some merit.'"  Workman v. Superintendent Albion SCI, 915 F.3d 928, 937 (3d Cir. 2019) (quoting Martinez, 566 U.S. at 14).

Unfortunately, Petitioner invokes Martinez and raises the attorney error committed at the PCRA Court for the first time in his objections to the R&R.  (Doc. No. 32 at 7-8.)  I thus "need not consider this claim."  Andrews v. Wingard, 249 F. Supp. 3d 806, 811 (E.D. Pa. 2017); Stromberg v. Varano, No. 09-cv-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012).  Because Petitioner did not allege ineffective assistance of PCRA counsel in his habeas petition, the claim is deemed waived.  Tucker v. Pennsylvania, No. 18-cv-201, 2020 WL 1289181, at *2 (E.D. Pa. Mar. 18, 2020).  In an abundance of caution, I will nonetheless address Miles's new argument.

Miles must show that the "procedurally defaulted ineffective assistance of trial counsel claim has 'some merit.'"  Workman, 915 F.3d at 937.  Respondents contend that Petitioner's Claim II—that trial counsel was ineffective for telling the jury during opening remarks that "there are two sides to every story"—is "meritless."  (Doc. No. 21 at 13.)  "The record does not indicate that

Case 2:20-cv-03193-PD   Document 38   Filed 01/10/23   Page 7 of 12

trial counsel ever promised or implied that petitioner would take the stand, but simply tried to argue that each of the victims had a consensual sexual encounter with petitioner rather than having been violently assaulted." (Id.) Moreover, the "evidence of petitioner's guilt was overwhelming, and it is highly unlikely that counsel's opening remarks affected the outcome of trial." (Id. at 14.) I agree.

Miles has not shown "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Workman, 915 F.3d at 938 (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). The Superior Court rejected all of Miles's arguments (including Claim II) as meritless and/or waived, and affirmed. (Doc. No. 27 at 4; Doc. No. 21 at 6); cf. Jones v. Gavin, 395 F. Supp. 3d 440, 454 (E.D. Pa. 2019) (claim had "some merit" where the petitioner had "shown that reasonable jurists, a three-judge Superior Court panel, debated the issue").

Petitioner has thus not shown cause for the default or actual prejudice. Accordingly, I will overrule Petitioner's objections with respect to Claim II.

### C.     Objections Two and Four: Petition Claims IV and VI

Petitioner objects to Judge Sitarski's "conclusion that Claim[s] IV [and VI] be dismissed as procedurally defaulted." (Doc. No. 32 at 4, 10; see Doc. No. 27 at 11.) In Claim IV, Miles asserts that trial counsel was ineffective for failing to safeguard his speedy trial rights. (Doc. No. 27 at 11.) In Claim VI, Miles asserts that trial counsel was ineffective for failing to pursue his request for an expert witness on DNA. (Id.) Because counsel raised neither claim on direct or collateral review, neither claim is exhausted. (Id.) Petitioner may not now correct his failure to

exhaust, however, as Claims IV and VI would be deemed waived under the PCRA and/or barred by the PCRA's one-year statute of limitations.  <u>Werts</u>, 228 F.3d at 193-94.  Claims IV and VI are thus procedurally defaulted.  <u>Id.</u> at 194.

As I have discussed, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750.  Judge Sitarski explained that Miles does not: (1) address why these Claims were not included in his counseled amended PCRA petition; or (2) identify any prejudice or fundamental miscarriage.  (Doc. No. 27 at 12.)  She thus recommends that I dismiss Claims IV and VI as procedurally defaulted.  (<u>Id.</u> at 13.)

Petitioner objects, noting that "PCRA counsel failed to argue that the trial counsel failed to appeal the den[ial] of [his] Speedy Trial rights."  (Doc. No. 32 at 11.)  Once again, Miles alleges ineffectiveness of PCRA counsel for the first time in his objections to Judge Sitarski's R&R.  Although I "need not consider this claim," once again, I will address it.  <u>See, e.g.</u>, <u>Andrews</u>, 249 F. Supp. 3d at 811.

Once again, under <u>Martinez</u>, Miles must demonstrate: (1) that the default was caused by ineffective assistance of state-post conviction counsel; and (2) that the "procedurally defaulted ineffective assistance of trial counsel claim has 'some merit.'"  <u>Workman</u>, 915 F.3d at 937 (quoting <u>Martinez</u>, 566 U.S. at 14).

Miles has not: (1) explained how his speedy trial rights were violated; (2) identified "any specific witness that he was unable to produce at trial as a result of the pre-arrest delay"; or (3) explained "the substance of [the alleged witnesses'] testimony in order to show how they would have aided in his defense."  (Doc. No. 21 at 17-18.)  Claims IV and VI thus fall short of the

<u>Martinez</u> standard.  Accordingly, I will overrule Petitioner's objections regarding Claims IV and VI.

### D.        Objection Five: Petition Claim I

In his fifth objection, Miles merely restates Claim I of his habeas petition.  (Doc. No. 32 at 11.)   Objections that "are virtually identical to, and merely rehash the arguments made in Petitioner's other habeas filings . . . are not entitled to *de novo* review."  <u>Long v. Pa. Bd. Probation & Parole</u>, 2017 WL 3412629, at *2 (E.D. Pa. Aug. 9, 2017).  I will nonetheless address the objection.

Miles asserts that trial counsel failed to move for a mistrial for misconduct during the prosecutor's closing argument.  (Doc. No. 27 at 5, 13.)  Judge Sitarski determined that "Petitioner suffered no prejudice from the lack of a request for a mistrial."  (<u>Id.</u> at 18.)  I agree.

Trial counsel in fact objected to a statement made during the prosecutor's closing:

> [Defense counsel] told you in his opening statement, I wrote it down, "There are two sides to every story."  The part he didn't finish about that was that only one side is going to be right, only one side make[s] sense.  He said that you would hear the other side of the story.  We heard all the witnesses testify.  There was no other side of the story.

(<u>Id.</u> at 13.)  After initially overruling the objection, the trial court reversed course, sustained the objection, and gave the jury a curative instruction.  (<u>Id.</u>)  The Superior Court rejected the misconduct claim on direct appeal, noting that "the issue had been waived by trial counsel's failure to object again or move for a mistrial after the curative instruction was issued."  (<u>Id.</u> at 14.)  The PCRA Court also rejected the claim, concluding both that the challenged statement was a fair response and that Petitioner failed to establish (or assert) prejudice.  (<u>Id.</u> at 14-15.)

To prevail, Petitioner must show: (1) "that counsel's performance was deficient"—that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  As Judge Sitarski explained, "Counsel's failure to request a mistrial after a judge gives a curative instruction to the jury to disregard a permissible statement by the prosecution . . . does not establish a deficient performance, let alone one so serious that it amounts to a functional deprivation" of the Sixth Amendment right to counsel.  (Doc. No. 27 at 16.)  Because Petitioner has not shown deficient performance, he cannot show prejudice.  See Strickland, 466 U.S. at 687.

Accordingly, I will overrule Petitioner's fifth objection.

### E.      Objection Six: Petition Claim III

Once again, Miles merely restates Claim III of his habeas petition.  (Doc. No. 32 at 12.) He then alleges that "PCRA counsel was ineffective for failing to argue the correct violation to the proper authority."  (Id.)  Although the objection "merely rehash[es]" an argument made in Petitioner's other habeas filings, and although  I "need not consider" the claim if it "was raised for the first time in his objections," I will nonetheless address it.  See, e.g., Long, 2017 WL 3412629, at *2; Andrews, 249 F. Supp. 3d at 811.

Miles asserts that the trial court erred in declining to grant a mistrial following Officer Rochelle Bilal's hearsay testimony concerning what a witness at one of the crime scenes told her. (Doc. No. 27 at 5, 18.)  Judge Sitarski recommends that I dismiss Claim III because it is not cognizable.  (Id. at 19.)

Trial counsel objected to the hearsay and the state court issued a prompt curative instruction

to the jury.  (Id. at 18.)  As Judge Sitarski correctly explained, "Petitioner alleges a violation of Pennsylvania hearsay rules, making his claim not cognizable before this Court."  (Doc. No. 27 at 19); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Accordingly, I will overrule Miles's sixth objection.

### F.        Objection Seven: Petition Claim V

Miles here restates Claim V of his habeas petition.  (Doc. No. 32 at 12.)  Once again, although the objection "merely rehash[es]" an argument made in Petitioner's other habeas filings, I will address it.  See, e.g., Long, 2017 WL 3412629, at *2.

Miles asserts that the PCRA Court erred in dismissing his ineffectiveness claims.  (Doc. No. 27 at 5, 19.)  He thus argues that the "PCRA court erred in not granting relief after all the evidence providing ineffectiveness by counsel."  (Doc. No. 32 at 12.)  As Respondents explain, Miles has not identified "which ineffectiveness claim was wrongly decided or on what basis he believes the PCRA court erred."  (Doc. No. 21 at 19.)  "Petitioner has offered nothing more than an assertion that trial counsel was ineffective for taking or not taking some unspecified action, which lacked some unspecified reasonable basis, resulting in some unspecified prejudice, which the PCRA court then erroneously rejected on unspecified grounds."  (Id.)

Judge Sitarski recommends that I dismiss Claim V because it is vague and insufficient. (Doc. No. 27 at 20.)  I agree and will overrule Petitioner's seventh objection.

## IV.     CONCLUSION

**AND NOW**, this 10th day of January, 2023, upon consideration of the pleadings and record herein, and after careful review of Judge Sitarski's Report and Recommendation (Doc. No. 27), Petitioner's Objections (Doc. No. 32), Respondents' Response (Doc. No. 37), and all related

filings, it is hereby **ORDERED** that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED with prejudice**;

2. Petitioner's objections to the Report and Recommendation (Doc. No. 32) are **OVERRULED**;

3. Judge Sitarski's Report and Recommendation (Doc. No. 27) is **APPROVED** and **ADOPTED**; and

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

Paul S. Diamond, J.